

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Raul Castillo, individually, and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) RGS Financial, Inc., a Texas corporation, ) ) Defendant. ) | No. 13 C 5738 Judge Kendall Magistrate Judge Cole |

### ORDER GRANTING
### PRELIMINARY APPROVAL OF SETTLEMENT

This cause comes before the Court on the Joint Motion of Plaintiff Raul Castillo and Defendant RGS Financial, Inc. (the "Defendant"), for Preliminary Approval of the Class Action Settlement Agreement, due notice having been given, and the Court being fully advised in the premises:

THE COURT HEREBY FINDS THAT:

1. The parties have entered into a Class Action Settlement Agreement ("Agreement") dated November 1, 2013.

2. The Agreement has been submitted to the Court for preliminary approval pursuant to Fed. R. Civ. P. 23.

3. The Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

4. Defendant denies that it, or its client, Asset Acceptance, have any liability to Plaintiff or the Class whatsoever, and further denies that their actions violated the FDCPA in any manner.

5. The Complaint sought recovery of statutory damages pursuant to

§ 1692k of the FDCPA. Under § 1692k, the maximum statutory damages recoverable by the Plaintiff is $1,000 and the maximum statutory damages recoverable by the Class against Defendant is the lesser of 1% of their net worth up to a maximum of $500,000. In this case, Defendant's net worth is about $4,898.

6. The Agreement calls for payment of $1,000 to the Plaintiff, $10,000 to the Class, with a maximum payment of $599 per Class Member, and modification of the form of the collection letter at issue.

The Court finds these amounts to be fair, adequate and reasonable for the following reasons, among others, Plaintiff and the Class are receiving, and Defendant is paying, an adequate amount of statutory damages under the FDCPA. Moreover, Defendant has agreed to modify the collection practice at issue.

7. This Court hereby finds that the elements of Fed.R.Civ.P. 23 (a) and (b)(3) are satisfied for purposes of a settlement class, and hereby certifies a Class in this matter, pursuant to Fed.R.Civ.P. 23(b)(3), of all persons in the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt, allegedly owed for a Bally's Total Fitness debt, via the same form collection letter (Complaint Exhibit C) that was sent to Plaintiff, which allegedly did not effectively identify Asset Acceptance as the name of creditor to whom the debt was then owed, from August 12, 2012, to August 12, 2013.

Moreover, Raul Castillo is appointed as representative of the Class and his attorneys, David J. Philipps, Mary E. Philipps and Angie K. Robertson of Philipps & Philipps, Ltd., are appointed as Class Counsel.

8. Class Counsel shall send out the Class Notice and distribute the

settlement fund. Class Counsel shall submit a motion, containing their time records, requesting an award from this Court of $18,000 for their reasonable attorneys' fees and costs in this matter, and $2,000 for the costs of class notice, claims administration and settlement distribution. Plaintiff and the Class are entitled to recover their reasonable attorneys' fees and costs as provided for by § 1692k(a)(3 of the FDCPA.

9. The Court hereby approves the sending by Class Counsel, within 14 days of this Order, the Class Notice in the form attached as Exhibit 2 to the Joint Motion to the Settlement Agreement to each Class Member at their last known address.

10. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all parties and preliminarily finds that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

IT IS HEREBY ORDERED THAT:

1. The above class is certified, pursuant to Fed.R.Civ.P. 23(b)(3) consisting of all persons in the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt, allegedly owed for a Bally's Total Fitness debt, via the same form collection letter (Complaint Exhibit C) that was sent to Plaintiff, which allegedly did not effectively identify Asset Acceptance as the name of creditor to whom the debt was then owed, from August 12, 2012, to August 12, 2013.

Raul Castillo is appointed as representative of the Class, and his attorneys, David J. Philipps, Mary E. Philipps and Angie K. Robertson of Philipps & Philipps, Ltd., are appointed as Counsel for the Class.

2. The Settlement Agreement, dated November 1, 2013, is hereby granted preliminary approval.

3. Class Counsel shall send out the Class Notice to each Class Member by December 16, 2013.

4. Defendant, pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act, shall notify the appropriate Federal and State regulatory authorities of this proposed Settlement, within 10 days of the filing of the motion for preliminary approval the Settlement Agreement, and shall file with the Court verification of Defendant's compliance with 28 U.S.C. § 1715(b).

5. Notice, in the form attached as Exhibit 2 to the Joint Motion, shall be sent by Class Counsel, to all Class Members at their last known addresses who shall have until Feb. 14, 2014, to return their claim forms, opt-out, or present any objections to the settlement. No skip tracing of Class Members whose Class Notices are returned is necessary. The parties shall present the Settlement for final approval on Mar. 10, 2014, at 9 a.m.

6. Plaintiff's initial motion for class certification [Dkt. No. 4] is denied as moot.

_____
Judge Virginia M. Kendall
United States District Court

DATED: December 16, 2013

4